PRICE, Judge.
Under the provisions of LSA-R.S. 19:2, et seq., plaintiff seeks to expropriate a servitude for an electric power transmission line across two tracts of land owned by defendant in Bossier Parish. Defendant contests the necessity for this project in the carrying out of plaintiff’s objective as a public utility company, and contends plaintiff abused the discretion vested in it by law in selecting the route for the line.
The trial court overruled defendant’s objections relating to the questions of necessity and unreasonableness of the route selected and rendered judgment ordering the expropriation as prayed for on payment of the sum of $1,411.50, the value of the servitude as determined by the court. From this judgment defendant perfected this devolutive appeal.
The issue of the necessity for the construction of this transmission line has been previously decided by this Court in the case of Southwestern Electric Power Co. v. Conger, 254 So.2d 98.
Defendant contends the route proposed for the line in the vicinity of his property does not follow a straight and direct course and had it done so, it would have completely missed his property. For this reason, defendant contends that plaintiff has abused its discretion in selecting the route. We believe the evidence presented by plaintiff’s engineers shows the necessity for the several right angle turns to avoid heavily populated areas or to bypass unsuitable terrain, thereby lessening the cost of construction and facilitating efficient maintenance after completion. We find no evidence of an abuse of the discretion vested in the expropriating authority in selecting the most feasible route for the right-of-way. For a résumé of. the jurisprudence defining the discretion vested in the expropriating authority in selection of the route, see the Conger case, supra.
Defendant’s principal complaint on this appeal is the inadequacy of the amount fixed by the trial judge for just compensation for the servitude expropriated.-
The two tracts owned by defendant are referred to in the trial proceedings as Tract 45 and Tract 26, and we shall designate them as such for the purpose of our discussion.
Tract 45 is a 40 acre tract of timber land situated in the vicinity of the Black Bayou Water Conservation Reservoir to be constructed southeast of Benton. The proposed servitude traverses this tract for a distance of 560 feet. The right-of-way is 100 feet wide, thus the calculated area is 1.286 acres. The trial judge fixed the value of the servitude affecting this tract at $150 per acre for a total of $193.50 for the 1.29 acres. Plaintiff’s expert real estate appraisers, Walter L. Hunter and Frank Grigsby, were of the opinion the land was best suited for timber growing as presently being utilized. Based on various compara-bles that were adjusted to correlate with the subject property, they estimated the fair market value of this land to be $125 and $150 per acre respectively. Each estimated the residual benefit to the landowner of the area affected by the servitude to be twenty-five per cent of the value of the fee ownership.
Defendant’s witness, A. C. Montgomery, a real estate appraiser, was of the opinion this tract had little use for the growing of timber but had potential value for subdivision purposes because of its close proximity to a suburban subdivision in this vicinity and the location of Cypress-Black Bayou Reservoir nearby. His estimate of fair market value was $325 per acre, or a total of $419.25 for the 1.29 acres.
*676 Sales relied on by plaintiff’s appraisers in estimating the market value of Tract 45 are more comparable in size and character and in closer proximity to subject property than those used by defendant’s appraisers. We do not find the evidence to support Montgomery’s opinion that the best and highest use of Tract 45 is for suburban residential development. This tract is not served by any existing roads and does not abut the proposed Cypress-Black Bayou Reservoir, although it is in close proximity to same. Nor does the evidence show a market demand for additional subdivision properties in this vicinity at the time this matter was tried.
The sale described by Montgomery as being most comparable to Tract 45 was the transfer from Estate of W. B. Jacobs, Inc. to Cypress-Black Bayou Recreation & Water Conservation District of 42.6 acres for $300.61 per acre. The evidence shows the sales price of $300.61 per acre included a merchantable timber value of $200 per acre. The other comparable most relied on by Montgomery was the sale of a 23 acre tract abutting the proposed water level of Cypress Bayou Reservoir and described by the purchasers as being one of the best locations for a camp on the future lake. This property sold for $500 per acre.
We are of the opinion the award made by the trial judge for this tract is commensurate with values established for uncleared rural lands in this vicinity.
Tract 26 is a large tract of over 800 acres situated approximately five miles northeast of Bossier City and seven miles southeast of Benton in the vicinity of Swan Lake. The evidence shows it is mostly cleared land with improved drainage presently being used for pasture. The 100 foot servitude extends for a distance of 1,949 feet across this tract and comprises 6.093 acres. The sum of $200 per acre was awarded by the court for the value of the servitude affecting this tract for a total of $1,218 for the 6.093 acres involved.
Plaintiff’s appraisers testified the best and highest use of this property is for pasture lands. Defendant’s appraiser was of the opinion the tract was best suited for residential development because of its location within a five mile distance from Bossier City and within one mile of Airline Drive, a major north-south route in Bossier Parish. Sales relied on by Hunter and Grigsby are of rural tracts, devoted to timber growing or pasture lands, with sale prices of between $100 and $300 per acre. Sales described by Montgomery as compa-rables are primarily small tracts bought for residential sites or large tracts bought for residential subdivision development.
We do not find the evidence sufficient to justify Montgomery’s conclusion the best and highest use for this property is for residential subdivision purposes. We conclude, however, the value fixed on this tract for its present use as pasture land is not consistent with the award made by this court in the decision handed down in the case of Southwestern Electric Power Co. v. Bundy, 256 So.2d 681, on this date. We reviewed the testimony of the same expert appraisers in the Bundy case and found the value of improved pasture land in this vicinity to be $400 per acre. There are certain distinctions which render the subject property somewhat less valuable than the Bundy property, however. The Bundy property was served by a hard-surfaced public road and is a tract of 120 acres as compared to over 800 acres in subject tract. Also, we conclude from the evidence the Bundy property has been more extensively improved for pasture purposes. We are of the opinion the advantages of the Bundy tract give it a market value of $75 per acre more than subject property. We, therefore, conclude the 800 acre tract owned by defendant, referred to herein as Tract 26, has a fair market value of $325 per acre. The trial judge accepted the opinion of Grigsby that the servitude damaged the acreage affected by seventy-five percent of its fee value, and we are in accord with this conclusion. The award to *677 defendant for the value of the servitude acquired across Tract 26 should, therefore, be fixed at the sum of $1,980.23.
For the foregoing reasons the judgment appealed from is amended to increase the total amount of just compensation due defendant to the sum of $2,173.73, and as amended, is affirmed. Costs of this appeal are to be paid by plaintiff.