BOLIN, Judge
(dissenting in part and concurring in part).
I concur with that portion of the majority opinion which affirmed the lower court’s finding plaintiff had proved the necessity for expropriating the property, but I respectfully dissent from the amount awarded the landowner.
Underlying all expropriation cases is the constitutional safeguard that “private property shall not be taken or damaged except for public purposes and after just and adequate compensation is paid”. (La.Const. Art. 1, Sec. 2). The taking of private property against the will of the owner, being in derogation of the concept of private ownership of property, should be used sparingly and any substantial doubt between the rights of the expropriating party as opposed to the landowner should be resolved in favor of the latter.
I respectfully suggest the landowner will receive neither “just” nor “adequate” compensation under the majority ruling of this court. Contrary to the statement in the majority opinion that “the truly comparable sales in this case indicate that $250 per acre is a fair market value for the Jones property”, I do not find evidence of a truly comparable sale in the record. Under these circumstances justice demands we consider the testimony of Mr. Montgomery along with that of the experts tendered by plaintiff. I think the amount should be based on a full ownership value of $350 per acre with the servitude calculated to damage the property by 75%. This amount would further be consistent with those fixed in the two similar cases this day decided by this court. See Southwestern Electric Power Co. v. Ford E. Stinson, 256 So.2d 674, La.App.; and Southwestern Electric Power Co. v. J. D. Bundy, 256 So.2d 681, La.App.