BOLIN, Judge.
This is one in a series of expropriation suits by Southwestern Electric Power Company seeking to acquire rights-of-way to construct an electrical transmission line in Bossier Parish, Louisiana. The question of the necessity of the utility company to expropriate rights-of-way over various property in this area, in order to complete its proposed project, was previously decided in the affirmative by this court in Southwestern Electric Power Company v. Conger, 254 So.2d 98 (La.App.2d Cir. 1971). The court likewise determined that the choice of location across Conger’s property was reasonable and the company had not abused its discretion.
There are two additional cases decided this day by this court involving the same issues as those presented in this case but affecting different property. Southwestern Electric Power Co. v. Jones, et al., 256 So.2d 677 (La.App.2d Cir. 1971), and Southwestern Electric Power Co. v. Stinson, 256 So.2d 674, (La.App.2d Cir. 1971).
In the instant case the lower court approved the necessity for, and location of, the proposed route of the servitude consisting of 6.13 acres and awarded the landowner $1493.20. We affirm that portion of the judgment adjudicating to plaintiff the servitude of right-of-way and approving the proposed route, but hold the award of compensation was inadequate.
Since the lower court assigned adequate reasons for granting plaintiff the servitude and approving the route, and since the law is well settled on this subject as set forth in Conger, supra, we shall not dwell on this issue but shall proceed directly to the question of the quantum of the award.
The proposed 100-foot right-of-way over Bundy’s property is “L” shaped, with a total length of 2669 feet. It will have located thereon five H-frame poles upon which will be attached the electric transmission wires. Additionally, there will be a maximum of seven anchors installed beyond the limits of the right-of-way but within a radius of 100 feet of the point where the transmission line will make the right angle. The transmission line will be located on a 120-acre tract owned by Bundy. The property has road frontage and is situated approximately ten miles from Bossier City and six miles from Benton. The land was classified as “bottom land” and especially well suited for pasture.
Three realtors, qualified as expert appraisers, testified as to the value of the property. All the experts sought to fix the *683 value on the market data approach by utilizing the sale price of what each considered to be comparable property in the vicinity of that belonging to Bundy. Testifying for plaintiff were Frank W. Grigsby and Walter L. Hunter, both of Shreveport, Louisiana. Testifying for defendant was A. C. Montgomery of Bossier City. The sale price of the properties which they considered as comparable varied in value from $40 to $2500 per acre, and their estimates of the fee value of the property expropriated varied from $300 to $600 per acre. Each of the appraisers was of the opinion that the taking of a servitude and the erection of an electrical transmission line thereon did not constitute a complete taking so as to entitle the landowner to the full fee value of the property. Their estimates of the damage caused by the right-of-way varied from 50% to 75%.
The measure of damage to be awarded to a landowner for the expropriation of property for use by a utility company is the market value of the property taken. Market value for expropriation purposes is the price which a willing buyer would pay a willing seller under usual and ordinary circumstances. Louisiana Power & Light Co. v. Greenwald, 188 So.2d 618 (La.App.2d Cir. 1966), and cases cited therein.
A jurisprudential rule has become well established in this state that one of the best methods of ascertaining the market value of property is from sales of comparable property in the vicinity of that expropriated. Gulf States Utilities Company v. Norman, 183 So.2d 421 (La.App.3d Cir. 1966), and cases cited. After a detailed and careful study of the testimony of the three expert appraisers in the instant case, we are convinced that none of the sales utilized by them is truly comparable to the property sought to be expropriated by plaintiff. Adjustments must, therefore, be made for each asserted “comparable” according to its location, use and other factors affecting value of property.
Taking all of the evidence into consideration, we conclude a fair market fee value of the 6.13 acres is $400 per acre, or a total of $2452.00. We further conclude Bundy’s property will be damaged 75% by the existence of the servitude.
For the reasons assigned the judgment appealed from is amended so as to increase the amount to be paid to defendant by plaintiff from $1493.20 to 75% of $2452.00, or $1839.00.
As thus amended, the judgment appealed from is affirmed at plaintiff’s cost.